2026 IL App (3d) 250306

Opinion filed July 21, 2026

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2026

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 18th Judicial Circuit, Du Page County, Illinois. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Appeal No. 3-25-0306 Circuit No. 19-CM-1118 |
| | ) | |
| DESIREE C. JENKINS, | ) ) | Honorable Robert A. Miller, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

PRESIDING JUSTICE HETTEL delivered the judgment of the court, with opinion.
Justices Brennan and Peterson concurred in the judgment and opinion.

_____

**OPINION**

¶ 1　　Defendant, Desiree C. Jenkins, appeals from the Du Page County circuit court's denial of her petition to expunge her criminal record. Defendant argues that the court erred by applying the incorrect waiting period to her eligibility to apply for expungement and abused its discretion in denying her unopposed petition and motion to reconsider. We affirm.

¶ 2　　　　　　　　　　　　　　　I. BACKGROUND

¶ 3　　On May 29, 2019, defendant was charged with retail theft (720 ILCS 5/16-25(a)(1) (West 2018)). On June 3, 2021, defendant pled guilty and was sentenced to one year of court supervision. Defendant was satisfactorily terminated from court supervision on June 2, 2022. On

January 31, 2025, defendant filed a *pro se* petition to expunge her criminal record. She indicated that she was not requesting to seal her records. The state's attorney's office filed a response indicating that it had no objection.

¶ 4 After a hearing on April 25, 2025, the court denied defendant's petition, explaining that pursuant to section 5-6-3.1(f) of the Unified Code of Corrections (Code) (730 ILCS 5/5-6-3.1(f) (West 2024)), defendant was ineligible to seek expungement of her retail theft record until five years had elapsed after the termination of her court supervision. The court elaborated that the five-year time limit applied to her offense because the statute enabled a person to receive a sentence of court supervision only once in a five-year period. On May 9, 2025, defendant filed a motion to reconsider arguing that retail theft fell into the "catch-all" provision of section 5.2(b)(2)(B)(ii) of the Criminal Identification Act (Act) (20 ILCS 2630/5.2(b)(2)(B)(ii) (West 2024)), which made her eligible for expungement two years after the termination of her court supervision. In denying the motion to reconsider, the court reiterated that the five-year time limit for retail theft was directly tied to two separate sentencing statutes and if defendant were able to expunge her record after two years, "then [she] could possibly get court supervision again after three which would defeat both purposes." Defendant appealed.

¶ 5 II. ANALYSIS

¶ 6 On appeal, defendant argues that the court (1) erred in applying the incorrect statute when denying her petition to expunge, (2) abused its discretion by denying the petition, despite the lack of objections from the State and law enforcement agencies, and (3) abused its discretion by denying her motion to reconsider. We consider each argument in turn.

¶ 7 Defendant argues first that the court incorrectly applied the five-year waiting period prescribed by section 5-6-3.1 of the Code instead of the correct two-year waiting period provided

2

by section 5.2 of the Act. Deciding which statute applies is a matter of statutory interpretation. "The primary objective of statutory construction is to ascertain and give effect to the intent of the legislature. The most reliable indicator of legislative intent is the language of the statute, given its plain and ordinary meaning." *People v. Jackson*, 2011 IL 110615, ¶ 12. When determining the plain meaning of a statute, a reviewing court will consider the statute in its entirety and bear in mind the subject that the statute addresses and the apparent intent of the legislature in enacting the statute. *People v. Haberkorn*, 2018 IL App (3d) 160599, ¶ 26. "No part of a statute should be rendered meaningless or superfluous." *Van Dyke v. White*, 2019 IL 121452, ¶ 46.

¶ 8        Both sections address the time frame that a person placed on court supervision must wait to attempt to have their charge expunged. Section 5.2(b)(2)(B) of the Act states:

> (B) When the arrest or charge *** sought to be expunged resulted in an order of supervision, successfully completed by the petitioner, the following time frames will apply:
>
> > (i) Those arrests or charges that resulted in orders of supervision under Section 3-707, 3-708, 3-710, or 5-401.3 of the Illinois Vehicle Code ***, or under Section 11-1.50, 12-3.2, or 12-15 of the *** Criminal Code of 2012, *** shall not be eligible for expungement until 5 years have passed following the satisfactory termination of the supervision.
> >
> > ***
> >
> > (ii) Those arrests or charges that resulted in orders of supervision for any other offenses shall not be eligible for expungement until 2 years have passed following the satisfactory termination of the supervision." 20 ILCS 2630/5.2(b)(2)(B)(i), (ii) (West 2024).

Retail theft is not specifically enumerated in the Act.

¶ 9 Section 5-6-3.1 of the Code specifically includes more violations that are subject to a five-year restriction, including retail theft. This section provides that individuals who are placed on supervision are eligible to have their record sealed or expunged after two years,

> "unless the disposition of supervision was for a violation of Sections 3-707, 3-708, 3-710, 5-401.3, or 11-503 of the Illinois Vehicle Code *** or for a violation of Sections 12-3.2, 16-25, or 16A-3 of the *** Criminal Code of 2012, in which case it shall be 5 years after discharge." 730 ILCS 5/5-6-3.1(f) (West 2024).

Where two statutes apply to the same cause of action, here, the time frame for expungement eligibility, the statute that more specifically relates to that action must be applied. *Watseka First National Bank v. Horney*, 292 Ill. App. 3d 933, 937 (1997).

¶ 10 Section 5-6-3.1 makes specific reference to the retail theft statute (section 16-25 of the Criminal Code of 2012). Additionally, the Code contains another provision that explains the necessity for the five-year time limit for expungement. Section 5-6-1 of the Code states that a person charged with retail theft is ineligible for court supervision if, within the last five years, the person was previously assigned supervision for retail theft. 730 ILCS 5/5-6-1(e)(2) (West 2024). Applying the general two-year time limit contained within the Act would lead to absurd results that defy the clear legislative intent and render two statutory provisions superfluous. See *Jackson*, 2011 IL 110615, ¶ 12. Accordingly, the court applied the correct statutory time limit to defendant's petition to expunge.

¶ 11 Next, defendant contends that the court abused its discretion in denying her petition to expunge where the state's attorney's office did not object to the expungement. Courts possess broad discretion in ruling on petitions to expunge. *People v. Doe*, 2024 IL App (2d) 230196,

4

¶ 24. Where the deadline for filing objections has passed, any party who failed to object cannot have arguments on the matter heard by the court. *Ackerman v. People*, 2021 IL App (3d) 200169, ¶ 11. Even when no objections are filed, the court retains the discretion to "grant or deny the petition based on the petition and record of this case." (Internal quotation marks omitted.) *People v. Howard*, 233 Ill. 2d 213, 225 (2009).

¶ 12       Here, the State did not participate in the hearing, and the court heard no impermissible arguments. Additionally, contrary to defendant's arguments, the State's express lack of objection or agreement to something does not bind the court to accept it. A court may reject an agreement in the exercise of sound judicial discretion. *People v. Henderson*, 211 Ill. 2d 90, 103 (2004). An abuse of that discretion occurs when the circuit court's decision is arbitrary, fanciful, or unreasonable. *People v. Becker*, 239 Ill. 2d 215, 234 (2010). As discussed above, defendant's petition was time-barred and premature. The court does not possess the authority to accept an agreement that contains a provision that was not provided by statute. See *People v. Gregory*, 379 Ill. App. 3d 414, 422 (2008); *People v. Holland*, 374 Ill. App. 3d 121, 125 (2007) ("The power to grant a petition for expungement is created, not by the constitution, but by statute, and is limited by the authorization provided by the legislature."). Because the time period for filing a petition to expunge had not yet arrived, the court did not abuse its discretion in denying the petition.

¶ 13       Finally, defendant argues that the court abused its discretion in denying her motion to reconsider because it willfully disregarded the law. However, as we have concluded that the court applied the correct statute to defendant's waiting period, this argument is unavailing.

¶ 14       In coming to this conclusion, we reject defendant's contention that the court arbitrarily ignored the law and abused its discretion in denying her petition when it ignored the authority of the Office of the State Appellate Defender's expungement unit's confirmation of her eligibility

5

for expungement. When the language of a statute is unambiguous, the court is bound to follow it. *People v. Eidel*, 319 Ill. App. 3d 496, 502 (2001). No amount of agreement or guidance by other parties may change the court's requirement to adhere to the laws of the State of Illinois.

¶ 15                                     III. CONCLUSION

¶ 16          The judgment of the circuit court of Du Page County is affirmed.

¶ 17          Affirmed.

*People v. Jenkins*, 2026 IL App (3d) 250306

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Du Page County, No. 19-CM-1118; the Hon. Robert A. Miller, Judge, presiding. |
| **Attorneys for Appellant:** | Desiree Jenkins, of Aurora, appellant *pro se*. |
| **Attorneys for Appellee:** | Robert B. Berlin, State's Attorney, of Wheaton (Lisa Anne Hoffman and Steven J. Biagi, Assistant State's Attorneys, of counsel), for the People. |